1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7  ERIC S KEMP,                                    Case No.  24-cv-07281-TLT
8                      Plaintiff,
9            v.                                     **ORDER OF SERVICE**
10  CARMEN BENTACOURT,
11                      Defendant.
12
13         Plaintiff, a prisoner at Correctional Training Facility (CTF), filed a *pro se* civil rights

14  complaint under 42 U.S.C. § 1983. The case has been reopened and the First Amended Complaint

15  (FAC) is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons stated

16  below, the complaint is ordered served on defendant Bentacourt.

17                                  **DISCUSSION**

18    A.    **Standard of Review**

19         A federal court must conduct a preliminary screening in any case in which a prisoner seeks

20  redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C.

21  § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims

22  that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

23  monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),

24  (2).  *Pro se* pleadings must, however, be liberally construed.  *See United States v. Qazi*, 975 F.3d

25  989, 993 (9th Cir. 2020).

26         Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

27  claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Specific facts are not

28  necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

*United States District Court*
*Northern District of California*

1    grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

2    "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more

3    than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

4    do. . .. Factual allegations must be enough to raise a right to relief above the speculative level."

5    *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must

6    proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  All or part

7    of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an

8    arguable basis in either law or in fact.

9         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)

10   that a right secured by the Constitution or laws of the United States was violated, and (2) that the

11   alleged violation was committed by a person acting under the color of state law.  *See West v.*

12   *Atkins*, 487 U.S. 42, 48 (1988).

13        If a court dismisses a complaint for failure to state a claim, it should "freely give

14   leave" to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  A court has discretion to

15   deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant,

16   repeated failure to cure deficiencies by amendment previously allowed undue prejudice to the

17   opposing party by virtue of allowance of the amendment, [and] futility of amendment."

18   *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

19        **B.    Plaintiff's Claims**

20        Plaintiff has two teeth (numbers 4 and 13) that have been determined by dental

21   professionals at the prison to require extraction, but he alleges that because of his fear of needles

22   and the ineffectiveness of local numbing for him, he requires removal of the teeth at an outside

23   facility under anesthesia. He has refused to have the teeth removed at the prison with local

24   numbing and suffers ongoing pain from their state of decay. He seeks injunctive relief to that

25   effect, as well as damages.

26        While a difference of opinion as to treatment does not state a section 1983 claim, deliberate

27   indifference to unnecessary pain does. Liberally construed, plaintiff has stated an Eighth

28   Amendment claim against Bentacourt for deliberate indifference to his pain in refusing to provide

United States District Court
Northern District of California

2

1    the extraction in the only manner in which plaintiff alleges will not cause him excessive and

2    unnecessary pain.

3                                    **CONCLUSION**

4         1.    The Court ORDERS that service on the following defendants shall proceed under

5    the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for

6    civil rights cases from prisoners in the CDCR's custody:

7              a.    Carmen Bentacourt

8         In accordance with the program, the Clerk is directed to serve on the CDCR via email the

9    following documents: the operative complaint (Dkt. No. 18), this Order of Service, a CDCR

10   Report of E-Service Waiver form, and a summons.  The Clerk also shall serve a copy of this order

11   on the plaintiff.

12        No later than 40 days after service of this order via email on the CDCR, the CDCR shall

13   provide the court a completed CDCR Report of E-Service Waiver advising the court which

14   defendant(s) listed in this order will be waiving service of process without the need for service by

15   the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or

16   could not be reached.  The CDCR also shall provide a copy of the CDCR Report of E-Service

17   Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court

18   a waiver of service of process for the defendant(s) who are waiving service.

19        Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each

20   defendant who has not waived service according to the CDCR Report of E-Service Waiver a

21   USM-285 Form.  The Clerk shall provide to the USMS the completed USM-285 forms and copies

22   of this order, the summons, and the operative complaint for service upon each defendant who has

23   not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-

24   Service Waiver.

25        2.    Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure

26   requires defendants to cooperate in saving unnecessary costs of service of the summons and

27   complaint.  If service is waived, this action will proceed as if defendants had been served on the

28   date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), defendants will not be

United States District Court
Northern District of California

3

required to serve and file an answer before **sixty (60) days** from the date on which the CDCR

provides a copy of the CDCR Report of E-Service Waiver to the California Attorney General's

Office.  (This allows a longer time to respond than would be required if formal service of

summons is necessary.)  If defendants have not waived service and have instead been served by

the USMS, then defendants shall serve and file an answer within **twenty-one (21) days** after being

served with the summons and complaint.

   3.  Defendants shall answer the complaint in accordance with the Federal Rules of

Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

    a.  No later than **sixty (60) days** from the date their answer is due, defendants

shall file a motion for summary judgment or other dispositive motion. The motion must be

supported by adequate factual documentation, must conform in all respects to Federal Rule of

Civil Procedure 56, and must include as exhibits all records and incident reports stemming from

the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[1] notice

so that plaintiff will have fair, timely, and adequate notice of what is required of him to oppose

the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand

must be served concurrently with motion for summary judgment).  A motion to dismiss for failure

to exhaust available administrative remedies must be accompanied by a similar notice. However,

the Court notes that under the law of the circuit, in the rare event that a failure to exhaust is clear

on the face of the complaint, defendants may move for dismissal under Rule 12(b)(6), as opposed

to the previous practice of moving under an unenumerated Rule 12(b) motion.  *Albino v. Baca*,

747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119

(9th Cir. 2003), which held that failure to exhaust available administrative remedies under the

Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be raised by a defendant as

an unenumerated Rule 12(b) motion).  Otherwise, if a failure to exhaust is not clear on the face of

the complaint, defendants must produce evidence proving failure to exhaust in a motion for

summary judgment under Rule 56.  *Id.*  If undisputed evidence viewed in the light most favorable

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

1    to plaintiff shows a failure to exhaust, defendants are entitled to summary judgment under Rule

2    56. *Id.* But if material facts are disputed, summary judgment should be denied and the district

3    judge, rather than a jury, should determine the facts in a preliminary proceeding. *Id.* at 1168.

4          If defendants are of the opinion that this case cannot be resolved by summary judgment,

5    they shall so inform the Court prior to the date the summary judgment motion is due. All papers

6    filed with the Court shall be promptly served on plaintiff.

7              b.     Plaintiff's opposition to the dispositive motion shall be filed with the Court

8    and served on defendants no later than **twenty-eight (28) days** after the date on which defendants'

9    motion is filed.

10              c.     Plaintiff is advised that a motion for summary judgment under Rule 56 of

11    the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you

12    must do to oppose a motion for summary judgment. Generally, summary judgment must be

13    granted when there is no genuine issue of material fact—that is, if there is no real dispute about

14    any fact that would affect the result of your case, the party who asked for summary judgment is

15    entitled to judgment as a matter of law, which will end your case. When a party you are suing

16    makes a motion for summary judgment that is supported properly by declarations (or other sworn

17    testimony), you cannot simply rely on what your complaint says. Instead, you must set out

18    specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,

19    as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and

20    documents and show that there is a genuine issue of material fact for trial. If you do not submit

21    your own evidence in opposition, summary judgment, if appropriate, may be entered against you.

22    If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154

23    F.3d at 962-63.

24          Plaintiff also is advised that—in the rare event that defendants argue that the failure to

25    exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available

26    administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without

27    prejudice. To avoid dismissal, you have the right to present any evidence to show that you did

28    exhaust your available administrative remedies before coming to federal court. Such evidence

*United States District Court*
*Northern District of California*

may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein.  As mentioned above; in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case.  *Albino*, 747 F.3d at 1168.

(The notices above do not excuse defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  *Woods*, 684 F.3d at 935.)

d.      Defendants shall file a reply brief no later than **fourteen (14) days** after the date plaintiff's opposition is filed.

e.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

4.      Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to defendants to depose plaintiff and any other necessary witnesses confined in prison.

5.      All communications by plaintiff with the Court must be served on defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

6.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se*

United States District Court
Northern District of California

party indicating a current address.  *See* L.R. 3-11(b).

7.      Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: December 2, 2025

TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California

7