United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC S KEMP,<br>Plaintiff,<br>v.<br>CARMEN BENTACOURT,<br>Defendant. | Case No. 24-cv-07281-TLT<br><br>Re: Dkt. Nos. 22, 23, 25, 26 |

Plaintiff Eric Kemp brought this 42 U.S.C. §1983 civil rights lawsuit against defendant Carmen Betancourt alleging that defendant violated his rights under the Eighth Amendment by failing to properly address his request for general anesthesia during his dental extraction while at Correctional Training Facility. Defendant moved this Court to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). Plaintiff has filed an opposition to defendant's motion to dismiss, and defendant has filed a reply. For the reasons stated below, the Court denies defendant's motion to dismiss.

**DISCUSSION**

**A. Standard of Review**

A case should be dismissed under Rule 12(b)(6) if it fails to state a claim upon which relief can be granted. *Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). Dismissal for failure to state a claim is a ruling on a question of law. *Id.* "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. A *pro se* pleading must be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.*

Review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. *Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Symington*, 51 F.3d at 1484. However, "[c]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

**B. Plaintiff's Claims**

According to the allegations in the complaint and attachments, Plaintiff has two teeth (numbers 4 and 13) that have been determined by dental professionals at the prison to require extraction, but he alleges that because of his fear of needles and the ineffectiveness of local numbing for him, he requires removal of the teeth at an outside facility under anesthesia. He has refused removal of the teeth at the prison with local numbing and suffers ongoing pain from their state of decay.

**1. Deliberate Indifference to Serious Medical Needs**

In its order of service, this Court decided that plaintiff's complaint, when liberally construed, stated a claim of deliberate indifference against defendant. Dkt. No. 19. Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX*

*Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)[1]; *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059.

The grievance signed by defendant stated that plaintiff "feels everything" during dental proceedings, even with local numbing agents. Plaintiff also stated that there is an alternative procedure that could be performed by an outside dentist. If these allegations are true, the disposition of "no intervention" authored by defendant could give rise to a reasonable inference that defendant ignored plaintiff's significant pain by forcing him to choose between painful extraction or allowing his teeth to continue to deteriorate. Therefore, drawing all reasonable inferences from plaintiff's allegations in his favor, as the court must do at this stage, a liberal reading of plaintiff's complaint states a cognizable claim of deliberate indifference to his serious medical needs, in violation of the Eighth Amendment.

**2. Official v. Individual Capacity**

Defendant also argues she may not be sued for actions taken in her official capacity. To the extent plaintiff's damages claims are based on actions defendant took in her official capacity, those are barred by the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Stivers v. Pierce*, 71 F.3d 732, 749 (9th Cir. 1995). However, plaintiff alleges defendant disregarded his pain and medical history when deciding her grievance disposition. The alleged decision to ignore plaintiff's medical needs is an individual one, even if authored on an institutional form. Thus, the complaint can be liberally construed to also state a claim against Defendant in her individual capacity.

**3. Qualified Immunity**

In addition, defendant asserts that she is entitled to the defense of qualified immunity.

[1] *WMX Technologies* overruled *McGuckin* only to the limited extent that *McGuckin* suggested that a court's dismissal with leave to amend is a final judgment for purposes of appeal where the plaintiff simply does not choose to file an amended complaint. *See WMX Technologies*, 104 F.3d at 1136. Rather, a further district court determination dismissing the complaint must be obtained before the order can be appealed. *See id.*

Qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The rule of qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law;" and defendants can have a reasonable, but mistaken, belief about the facts or about what the law requires in any given situation. *Saucier v. Katz*, 533 U.S. 194, 202 (2001) (internal quotation and citation omitted). "Therefore, regardless of whether the constitutional violation occurred, the [official] should prevail if the right asserted by the plaintiff was not 'clearly established' or the [official] could have reasonably believed that his particular conduct was lawful." *Romero v. Kitsap County*, 931 F.2d 624, 627 (9th Cir. 1991). A court considering a claim of qualified immunity must determine whether the plaintiff has alleged the deprivation of an actual constitutional right and whether such right was clearly established such that it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *See Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009). Qualified immunity is particularly amenable to summary judgment adjudication. *Martin v. City of Oceanside*, 360 F.3d 1078, 1081 (9th Cir. 2004).

Here, plaintiff has adequately alleged a claim of deliberate indifference. During the time period of the alleged acts, an inmate's right to be free from deliberate indifference to serious medical needs was clearly established. The question, however, of whether the defendant could reasonably have believed that her conduct was lawful is more properly resolved on a motion for summary judgment, when defendant is entitled to present evidence on their behalf and the Court may properly consider such evidence. *See, e.g., Morley v. Walker*, 175 F.3d 756, 761 (9th Cir. 1999) (affirming the district court's denial of a dismissal motion on grounds of qualified immunity because the court's review is confined only to the contents of the complaint). Thus, for the purposes of the instant motion, the Court cannot resolve the issue of whether the defendant is entitled to qualified immunity as to plaintiff's claims. Therefore, the Court denies without prejudice defendant's claim that she is entitled to qualified immunity.

**4. Punitive Damages**

Finally, plaintiff has adequately pleaded to support punitive damages. Punitive damages

may be awarded in a § 1983 suit "when defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). The alleged grievance decision, when liberally construed, supports reasonable inferences that defendant recklessly or callously disregarded Plaintiff's medical needs and subjected him to a choice between a very painful procedure or continued tooth decay. *See Smith v. Wade*, 461 U.S. 30, 56 (1983).

**CONCLUSION**

The motion to dismiss is DENIED except to the extent plaintiff seeks damages based on actions taken in defendant's official capacity. Official capacity damages claims are dismissed.

1. The following briefing schedule shall govern dispositive motions in this action:

a. If the defendant intends to file a motion for summary judgment, she must do so within 60 days of the date of this order. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[2] notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment).

If defendant is of the opinion that this case cannot be resolved by summary judgment, she shall inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on plaintiff.

b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendant no later than 28 days after the date on which defendant's motion is filed.

Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

United States District Court
Northern District of California

when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is supported properly by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

c. Defendant shall file a reply brief no later than 14 days after the date plaintiff's opposition is filed.

d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

2. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to the defendant to depose plaintiff and any other necessary incarcerated witnesses.

3. All communications by plaintiff with the Court must be served on the defendant or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

4. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

United States District Court
Northern District of California

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

This order terminates Docket No. 22.

**IT IS SO ORDERED.**

Dated: August 19, 2026

TRINA L. THOMPSON
United States District Judge